Alexander Kolodin (AZ Bar #030826)
**Kolodin Law Group PLLC**
4105 N. 20th St. Ste 110
Phoenix, AZ 85016
Telephone: (602) 730-2985
Facsimile: (602) 801-2536
Alexander.Kolodin@Kolodinlaw.com
Analea@kolodinlaw.com (Filed copes)

*Attorney's for Plaintiff/Claimant MASI LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Masi LLC;<br>*Plaintiff/Claimant*,<br>v.<br>Seshat Bank, Sean Pawley;<br>*Defendants/Respondents*. | No. 2:25-cv-02892-SPL<br><br>**MOTION FOR ALTERNATIVE SERVICE** |

Plaintiff Masi LLC ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court pursuant to Rule 4.1(k), Arizona Rules of Civil Procedure, for an order authorizing alternative service of process on Respondents Sean Pawley and Seshat Bank (collectively, "Respondents").

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service on an individual may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Since this Court sits in Arizona, Plaintiff seeks relief under Arizona Rule 4.1(k), which permits service by alternative means when personal service has proven impracticable despite reasonable diligence.

## BACKGROUND

1. Plaintiff obtained a default arbitral award against Respondent on March 19, 2025, in the Prospera Arbitration Center ("PAC"). A true and correct copy of the Default Award ("Judgment") is attached hereto as Exhibit A.
2. PAC was responsible for serving Respondent with the Notice of Arbitration. Despite those efforts, Respondent failed to respond or appear. A true and correct copy of the Notice of Arbitration is attached as Exhibit B.
3. On February 19, 2025, PAC issued its Notice of Entry of Default Award, confirming that Respondent did not file any response or defensive action. A copy of that notice is attached hereto as Exhibit C.
4. Following issuance of the Default Award, Plaintiff retained a licensed private investigator to locate Respondent Sean Pawley and facilitate post-award collection efforts. Despite diligent investigation, no current residential or business addresses for Respondent were identified. The investigator noted only a potential connection to a residence belonging to Mr. Pawley's parents in Bedford, New Hampshire. *See* [Declaration, Exhibit D] ¶¶ 4-7; [Exhibit E].
5. The investigator was unable to verify that this address is current or that Respondent presently resides there. No other address, business location, or registered agent information could be found despite a diligent search. *See* [Declaration, Exhibit D] ¶¶ 6-7.
6. Based on findings, Plaintiff believes Seshat Bank is a defunct e-company formerly operated and controlled by Mr. Pawley, with no physical office or separate mailing address. *See* [Declaration, Exhibit D] ¶ 8.
7. Respondents have communicated by email in the past regarding the transaction at issue. In particular, Mr. Pawley emailed Plaintiff confirming a transfer that was never completed. A true and correct copy of that email is attached as Exhibit F.

8. Aside from this verified email address and the parents' residence identified by the investigator, no other viable contact information for Respondents is known. Personal service therefore appears impracticable. *See* [Declaration, Exhibit D] ¶ 9.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), a party may serve an individual by following the service rules of the state where the district court sits. In Arizona, Rule 4.1(k) permits a court to authorize alternative service when personal service is impracticable despite a reasonable diligence, so long as the method proposed is reasonably calculated to provide actual notice.

## ARGUMENT

Service by traditional means is impracticable. Plaintiff has exercised diligence in attempting to locate Respondents, including retaining a licensed private investigator. *See* [Declaration, Exhibit D] ¶¶ 4-7; [Exhibit E]. Despite these efforts, no verified physical address or registered agent for either Respondent could be located. Seshat Bank appears to be a defunct e-company formerly operated by Respondent Pawley.

The only potentially viable method of contact available is the email address previously used by Respondent Pawley in connection with the transaction that led to the arbitration. While Plaintiff cannot confirm that this email address remains active, it was successfully used for prior communication between the parties and for service during the Prospera Arbitration Center proceedings. It therefore constitutes the most current and reliable contact information available to Plaintiff and is reasonably calculated to provide actual notice of this proceeding, satisfying both Fed. R. Civ. P. 4(e)(1) and Ariz. R. Civ. P. 4.1(k).

## CONCLUSION

WHEREFORE Plaintiff respectfully requests that the Court enter an order authorizing Plaintiff to serve the Petition, Summons, and related documents on Respondent by email to sean@seshatbank.com.

RESPECTFULLY SUBMITTED this 6th day of November 2025.

By: */s/Alexander Kolodin*
Alexander Kolodin
**KOLODIN LAW GROUP PLLC**
4105 N. 20th St. Ste 110
Phoenix, AZ 85016

*Attorneys for Plaintiff Masi LLC*