# EXHIBIT A

**BEFORE THE PROSPERA ARBITRATION CENTER**

**(Trial Arbitral Tribunal – Precedential Proceedings – Minor Claims)**

| | |
|---|---|
| MASI LLC,<br>*Plaintiff Claimant,*<br>*v.*<br>*SESHAT BANK, SEAN PAWLEY,*<br>*Defendants Respondents.* | No. COMM-MIN-2025-1<br><br>JUDGMENT |

The Arbitrator has reviewed the following documents filed by the Plaintiff Claimant: Affidavit Amounts Due, Request for Entry of Default, and various Exhibits. The Arbitrator notes that Service was made on Defendants Respondents, and that Default was entered. The Arbitrator determines that Entry of Judgment is appropriate and should proceed.

Accordingly,

IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff Claimant have judgment against defendants and each of them for the following sums: $40,943.35 in principal deposits, PAC fees and costs, attorney fees in the amount of $5001.74 and accruing fees and costs in an amount to be proven in the future, treble damages in the amount of $122,830.05, for a total amount accrued to date of $173,831.79, and accruing interest and accrued interest not included heretofore,

at the rate of 10%.

DATED this 19th day of March, 2025.

James Kenneth Mangum
Arbitrator

# EXHIBIT B

Alexander Kolodin (AZ Bar #030826)
Neal Carter (AZ Bar #034200)
**Kolodin Law Group PLLC**
4105 N. 20th St. Ste 110
Phoenix, AZ 85016
Telephone: (602) 730-2985
Facsimile: (602) 801-2539
Alexander.Kolodin@KolodinLaw.com
Neal@KolodinLaw.com

*Attorneys for Plaintiff/Claimant Masi LLC*

**BEFORE THE PROSPERA ARBITRATION CENTER**

**(Trial Arbitral Tribunal – Precedential Proceedings – Minor Claims)**

| | |
|---|---|
| MASI LLC; | No. |
| *Plaintiff/Claimant*, | **COMPLAINT** |
| v. | **1. Notice of Arbitration** |
| SESHAT BANK, SEAN PAWLEY; | **2. Demand for Arbitration** |
| *Defendants/Respondents*. | **3. Request for Interim Measures** |

PARTIES, JURISDICTION, AND VENUE

1. Masi LLC (“Plaintiff” or “Depositor”) is a Prosperan registered company. Its principal is Michael Marsalek, an e-resident of Prospera. Plaintiff may be contacted through our office at the information provided in the caption.
2. Seshat Bank is and was a Prosperan chartered bank and, upon information and belief, had a consent to arbitration on file at all times relevant hereto.[1]
3. Upon information and belief, Sean Pawley was an e-resident of Prospera at all times relevant hereto. He founded Seshat Bank and was its principal at all times relevant hereto.

[1] *Case Study: Seshat Bank*, HONDURAS PROSPERA INC., https://edgnrfnypo5.exactdn.com/wp-content/uploads/2023/08/Seshat-Bank-Case-Study-1.pdf pg. 2 (Mar. 2023) (“As the first full-service commercial bank in Próspera, Seshat Bank combines conventional bank offerings with digital, customer-focused applications that tailor the banking capability to each customer.”).

4. The only contact information for Seshat Bank and Sean Pawley currently known to Plaintiff is as follows: sean@seshatbank.com, 1 (603) 264-6763.
5. This dispute is capable of arbitration under the Organic Law, Charter and Bylaws, or residency contract.
6. This dispute is based on a transaction or operative facts arising in substantial part within the boundaries of the Próspera ZEDE, or arises from the exercise of rights, privileges or immunities established or enforceable under the Organic Law, the Charter and Bylaws or a residency contract such that all parties to the dispute would have had sufficient contact with the Próspera ZEDE's jurisdiction and authority that they had or would have had reasonable notice of the dispute being governed by the Prospera Arbitration Statute ("PAS").
7. Plaintiff seeks arbitration of this dispute under the PAS.
8. The parties to the dispute did not previously expressly or by necessary implication reject application of this Statute in a contract between them.
9. Therefore, even in the absence of a filed consent to arbitration, the Prospera Arbitration Center ("PAC") has jurisdiction.
10. The amount in controversy is greater than $10,000 USD and less than $50,000 USD.
11. Therefore, venue is proper in this tribunal.

ALLEGATIONS GENERAL TO ALL CLAIMS

12. Claimant incorporates by reference all preceding allegations as if fully set forth herein.
13. Plaintiff has $40,943.35 on deposit with Seshat Bank:



14. On Aug. 18th, 2024, Plaintiff attempted to withdraw the funds. However, the bank did not allow the withdrawal.

FIRST CAUSE OF ACTION

(Breach of Contract)

15. Claimant incorporates by reference all preceding allegations as if fully set forth herein.

16. It is an express or implied term of the contract between a depositor and a bank that sums will be available for withdrawal.

17. Further, pursuant to Prospera Financial Regulation A § 202: "A bank must manage its assets and liabilities, as well as its off-balance sheets assets and liabilities to ensure it maintains the liquidity needed to meet its financial obligations as they fall due." This obligation on the part of Seshat Bank was part of the express or implied contract between the parties.

18. By failing to make Plaintiff's sums available for withdrawal, Defendants have breached this contract.

SECOND CAUSE OF ACTION

(Account Stated – Rstmt 2nd of Contracts § 282)

19. Claimant incorporates by reference all preceding allegations as if fully set forth herein.

20. The elements of account stated are (1) prior transactions, (2) acknowledgement of balance, (3) express or implied agreement, and (4) promise to pay.

21. Plaintiff, as a depositor in the bank, had a history of prior transactions with Defendants.

22. On January 8th, Mr. Marsalek wrote to Mr. Pawley requesting the return of his funds, plus 10% default interest, PAC fees, and attorney's fees for a total of $46,000.00. Mr. Pawley agreed to remit these sums but they were not remitted.

23. On January 9th, Mr. Pawley stated "coming your way."

**Subject:** Re: Account Closure and Transactions
**Date:** Thu, 9 Jan 2025 04:57:08 -0500
**From:** Sean Pawley <sean@seshatbank.com>
**To:** Michael Marsalek - Masi LLC <office@masi.llc>
**CC:** Keenan Kavanaugh <keenan@seshatbank.com>

Coming your way

On Wed, Jan 8, 2025, 6:11 AM Sean Pawley <sean@seshatbank.com> wrote:

> $46,000 in total. Agreed.
>
> On Wed, Jan 8, 2025, 6:06 AM Michael Marsalek - Masi LLC <office@masi.llc> wrote:
>
>> A short update on the current situation. We have been taking legal action since last Monday. You owe me:
>>
>> - 40,923.35 USD
>> - an additional 10% p.a. default interest since August 18
>> - fees for PAC (Prospera Arbitration Center) and subsequent court costs in the USA
>> - my attorney costs

24. However, despite acknowledging the amount owed, Defendants have still not remitted said funds.

## THIRD CAUSE OF ACTION

(Fraud – Rstmt. 2nd of Torts § 525, *et cet.*)

25. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

26. The elements of fraud are (1) a representation, (2) knowledge of falsity, (3) intent to defraud, (4) reliance, and (5) damages.

27. Defendants represented that Seshat Bank would keep sufficient funds would be available for depositor withdrawals. For example, Defendant Pawley represented that "Seshat's approach involves conservative management of short-term liabilities[.]"[2] By way of further example, Seshat Bank holds itself out to the

[2] *Case Study: Seshat Bank*, HONDURAS PROSPERA INC., https://edgnrfnypo5.exactdn.com/wp-content/uploads/2023/08/Seshat-Bank-Case-Study-1.pdf pg. 6 (Mar. 2023), *see also id*. at pg. 2 ("The quoted data and opinions expressed in this case study were provided by the subject, in interviews conducted by Erdös Associates, an independent third-party firm. Unless otherwise indicated, all direct quotes are attributable to Seshat Bank Founder Sean Pawley. The study was funded and published by Honduras Próspera, Inc.").

public as a "Full Reserve Bank[,]" which is a bank that does not lend out demand deposits.[3]

28. Upon information and belief, at the time these representations were made, Defendants knew that they were false.

29. Further, "Depositors must be fully informed of the lack of a 100% reserve requirement and all material risks of depositing funds in the bank, which may be confirmed by signed written affirmative certification of the depositor." Plaintiff was not so informed." Prospera Financial Regulation A §§ 323, 333.

30. Defendants intended thereby to induce depositors to place funds on deposit with Seshat Bank in reliance that the funds necessary to satisfy their deposits would be kept in reserve.

31. Plaintiff relied on these representations.

32. Plaintiff's reliance resulted on it placing the funds on deposit with Seshat Bank that, despite demand, have not been returned.

REQUEST FOR INTERIM MEASURES

(PAS Division 2)

33. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

34. "Unless otherwise agreed by the parties, the arbitral tribunal may, at the request of a party, grant interim measures." PAS Division 2 17(1).

35. Pursuant to PAS Division 2 17(2):"An interim measure is any temporary measure, whether in the form of an award or in another form, by which, at any time prior to the issuance of the award by which the dispute is finally decided, the arbitral tribunal orders a party or any of the Próspera ZEDE parties to:

a. maintain or restore the status quo pending determination of the dispute;

b. take action that would prevent, or refrain from taking action that is likely to cause, current or imminent harm or prejudice to the arbitral process itself

[3] *Company*, SESHAT BANK, https://seshatbank.com/company (last visited Jan. 14, 2025).

c. provide a means of preserving assets out of which a subsequent award may be satisfied; or

d. preserve evidence that may be relevant and material to the resolution of the dispute.”.

36. Seshat Bank states that it is “currently winding down our Prospera ZEDE operations and voluntarily liquidating our operations there to focus on our overseas acquisitions.”[4]

37. The status quo pending termination of the dispute is that Seshat Bank has assets under the direct jurisdiction of the PAC that would suffice to satisfy this claim.

38. Alternatively, allowing Seshat Bank to move assets out of Prospera while this dispute is pending would cause imminent harm or prejudice to the arbitral process itself.

39. Alternatively, providing an interim measure would provide a means of preserving assets out of which a subsequent award may be satisfied.

40. “Without limiting subarticle (2), the arbitral tribunal may make orders with respect to any of: (a) security for costs; … (h) directing the Registrar of any Próspera ZEDE registry, including the Próspera ZEDE Entity Registry and Próspera ZEDE Property Registry, to effectuate or refuse to effectuate any registral decision or action necessary to maintain or restore the status quo pending determination of the dispute, with which the Registrar shall promptly comply; (i) directing any of the Próspera ZEDE parties to take any self-help measure they are authorized under Próspera ZEDE law to take which would maintain or restore the status quo pending determination of the dispute, with which the duly empowered representative of the same shall promptly comply.”

41. Therefore, Plaintiff requests an interim measure

a. Directing all Registrars of Prospera ZEDE property to (i) cease engaging in any to facilitate Seshat Bank’s liquidation until this dispute is resolved (ii)

[4] *Company*, SESHAT BANK, https://seshatbank.com/company (last visited Jan. 14, 2025).

refuse to perform any act which would allow Defendants to sell property in Prospera or facilitate the transfer of funds out of Prospera.

b. Alternatively, Plaintiff requests that the PAC order that $46,000.00, plus its anticipated costs, be placed on deposit with it.

PROPOSAL AS TO THE LANGUAGE OF THE ARBITRATION

42. Plaintiff proposes that the arbitration be conducted in the English language.

WHEREFORE Plaintiff demands relief as follows:

A. For an award of damages against Defendants in the amount of $46,000.00 plus PAC fees, attorney's fees, and costs of suit with default interest at the rate of 10% per year until paid. *See e.g.*, PAS § 55(1).

B. For treble damages on the amount deposited by Plaintiff at Defendants' fraudulent inducement if this matter proceeds to disposition.

C. For an interim measure:

   a. Directing all Registrars of Prospera ZEDE property to (i) cease engaging in any to facilitate Seshat Bank's liquidation until this dispute is resolved (ii) refuse to perform any act which would allow Defendants to sell property in Prospera or facilitate the transfer of funds out of Prospera.

   b. Directing Defendants to place $46,000.00, plus the PAC's anticipated costs, on deposit with the PAC.

D. That any award be issued in a form such that it may be domesticated in any court of competent jurisdiction.

E. For such other relief as this tribunal may deem just and proper.

RESPECTFULLY SUBMITTED this 20th day of January, 2025.

By: /s/Alexander Kolodin
Alexander Kolodin
Neal Carter
**KOLODIN LAW GROUP PLLC**
4105 N. 20th St. Ste 110
Phoenix, AZ 85016

*Attorneys for Plaintiff Masi LLC*

# EXHIBIT C

Próspera Arbitration Center

# NOTICE OF ENTRY OF DEFAULT & NEXT STEPS

**To:** Sean Pawley, Seshat Bank
**From:** Alberto Hernandez Franks, Administrator
**Date:** February 19, 2025
**Re: Entry of Default & Further Steps – MASI LLC v. Seshat Bank & Sean Pawley**

Mr. Pawley,

On **January 20th, 2025**, you were formally served with the **Summons, Notice of Arbitration, and related documents** regarding the arbitration filed by **MASI LLC against Seshat Bank, Sean Pawley**, administered under the **Prospera Arbitration Center (PAC) Minor Claims Rules**.

Under these rules, you were required to **file a written Answer or other responsive pleading within 21 days**, making your **response deadline February 10, 2025**. As of today, no response has been received, and the deadline has long passed.

## Entry of Default

Pursuant to **Rule 55(a)**, I, as the **Administrator**, hereby enter the **default** of **Seshat Bank, Sean Pawley** due to failure to plead or otherwise defend within the prescribed time. Please note that this **default only establishes a concession to the legal merits of the relief sought.**

## Next Steps – Entry of Default Award

Under **Rule 55(b)**, further proceedings are required to assess damages and issue a **Default Award**:

1. **If MASI LLC's claim is for a sum certain or can be determined by ministerial computation**, I will enter a Default Award upon receipt of the plaintiff's **formal request** along with an **affidavit** showing the amount due.

2. **If damages require further determination**, the case will be referred to the **arbitral tribunal** for assessment. The tribunal may:

    - Conduct an **accounting** of damages,
    - Hold a **hearing** to establish the truth of any allegation,
    - Investigate additional matters necessary to effectuate the award.

3. **If the defaulting party has appeared at any stage**, they will be served with written notice **at least 7 days before any hearing** regarding damages.

**Setting Aside a Default or Default Award**

Under **Rule 55(c)**, the **arbitral tribunal may set aside an entry of default for good cause.** Additionally, a **final Default Award may be set aside under Rule 60(b)** if the tribunal determines that relief from the judgment is warranted under the applicable legal standards.

**Sincerely,**

**Alberto Hernandez Franks**
Administrator for this Arbitration

# EXHIBIT D

**Declaration of Analea Castro in Support of Plaintiffs' Motion for Alternative Service**

1. I know the facts set forth in this declaration of my own knowledge and, if sworn as a witness before this court or any other tribunal could and would competently testify thereto.
2. I am of sound mind and of the age of majority.
3. I am currently employed as a paralegal/legal assistant with Kolodin Law Group PLLC.
4. In my capacity as a paralegal, I have made diligent efforts to serve Defendants Sean Pawley and Seshat Bank with the Summons and Complaint in this case, as detailed below.
5. On May 21, 2025, Kolodin Law Group PLLC received an email from Dave Zinn, an Arizona licensed private investigator, which included skip-trace results regarding Defendant Sean Pawley.
6. According to the information provided in that email, no residential property or mailing address is listed under Defendant's name. However, the investigator indicated that Defendant may be residing with his parents at a possible address located in New Hampshire.
7. The investigator was subsequently unable to verify that this address is current or that Defendant presently resides there. No other address, business location, or registered agent information could be found despite a diligent search.
8. Based on the information available, Seshat Bank appears to be a defunct e-company formerly operated and controlled by Mr. Pawley, with no physical office or separate mailing address.
9. Despite these diligent efforts, Defendant has not been personally served and no verified address for either has been identified. Based on the information available, personal services appears impracticable. Kolodin Law Group PLLC therefore intends to seek leave of the Court to serve Defendant by alternative means pursuant to Rule 4.1(k), Arizona Rules of Civil Procedure.

Attached hereto as Exhibit E is a true and correct copy of the email from Dave Zinn containing the skip-trace information referenced above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that his declaration was executed on this 4th day of November 2025, in Phoenix (city), Arizona (state).

Signature: __/s/ Analea Castro__ Printed Name: Analea Castro

# EXHIBIT E

Outlook

**Re: Skiptrace Report Status**

**From** DRZinn [redacted]
**Date** Wed 5/21/2025 9:11 PM
**To** Analea Castro <analea@kolodinlaw.com>
**Cc** Alex Kolodin <alexander.kolodin@kolodinlaw.com>

Still no asset search results so no point in holding the trace results any longer. Here's what I have:

[Subj identified by phone number matching provided number]

Address history:
72 OLD FARM RD, BEDFORD, NH 03110 (HILLSBOROUGH) (01/01/2011-Current)
400 CENTRAL PARK W APT 7J, NEW YORK, NY 10025 (NEW YORK) (11/20/2015-04/29/2017)
125 E 233RD ST APT 1A, BRONX, NY 10470 (BRONX) (02/25/2015-04/29/2017)
19 MEADOWBROOK RD, DARIEN, CT 06820 (WESTERN CT) (12/06/2014-04/25/2015)
4542 43RD PL NW, WASHINGTON, DC 20016 (DISTRICT OF COLUMBIA) (10/06/2013)

Real Estate:
Hillsborough Cty, NH – none found
New York Cty, NY- none found
Bronx Cty, NY – none found
CT (statewide) – none found
DC – none found

The caveat I mentioned is that the address that shows as current is from when he was 19, so that's actually his parents' house. He could still be living there, of course, and nothing newer shows up, but some of the free sites (not as reliable, but not always wrong) show the Central Park W address as current. However, it was recently put up for sale and doesn't show as available now, so probably sold.




Knowing the rest of the background of the case, probably you can evaluate the likelihood that he's living with his parents.

Sorry for not answering the phone, it's been hectic, but I should have a lot more flexibility soon.

D. R. Zinn

On Tuesday, May 20th, 2025 at 12:36 PM, Analea Castro <analea@kolodinlaw.com> wrote:

> Mr. Zinn,
>
> I hope this email finds you well. I am following up on the skiptrace report. Do you have an ETA on when we will receive it? Thank you.
>
> Best Regards,
>
> Analea Castro

# EXHIBIT F

**Subject:**Re: Account Closure and Transactions
**Date:**Thu, 9 Jan 2025 04:57:08 -0500
**From:**Sean Pawley <sean@seshatbank.com>
**To:**Michael Marsalek - Masi LLC <office@masi.llc>
**CC:**Keenan Kavanaugh <keenan@seshatbank.com>

Coming your way

On Wed, Jan 8, 2025, 6:11 AM Sean Pawley <sean@seshatbank.com> wrote:

> $46,000 in total. Agreed.
>
> On Wed, Jan 8, 2025, 6:06 AM Michael Marsalek - Masi LLC <office@masi.llc> wrote:
>
>> A short update on the current situation. We have been taking legal action since last Monday. You owe me:
>>
>> - 40,923.35 USD
>> - an additional 10% p.a. default interest since August 18
>> - fees for PAC (Prospera Arbitration Center) and subsequent court costs in the USA
>> - my attorney costs