IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Masi LLC,

Plaintiff,

vs.

Seshat Bank, et al.,

Defendants.

No. CV-25-02892-PHX-SPL

**ORDER**

Pending before the Court is Plaintiff's Motion for Alternative Service (Doc. 9). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), superseded by statute on other grounds. Service of an individual and business entity are governed by Federal Rules of Civil Procedure 4(e) and 4(h), respectively. As Plaintiff notes, Arizona Rule of Civil Procedure 4.1(k) authorizes alternative means of service if service under 4.1(c) through 4.1(j) prove impracticable. On this record, the Court finds that Plaintiff has not met their burden of showing that alternative service under Arizona Rule of Civil Procedure 4.1(k) is appropriate.

"Due process requires the Court to craft a method of service that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Amazon.com Inc. v. Peng*, No. 2:23-cv-00607-TL-BAT, 2023 WL 5015398, at *3 (W.D. Wash. Aug. 7, 2023) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950) (collecting

cases)). Here, Plaintiff has been unable to find a valid address for either Defendant despite retaining a licensed private investigator. (Doc. 9 at 2, ¶ 4). Plaintiff argues "[t]he only potentially viable method of contact available is the email address previously used by [Defendant Sean] Pawley in connection with the transaction that led to the [underlying] arbitration." (Doc. 9 at 3). Plaintiff further admits, however, that it "cannot confirm that this email address remains active," (Doc. 9 at 3) and the prior successful communication between the parties at this email address was in January 2025 (Doc. 9 at 3; Doc. 9-2 at 20). As a result, the Court cannot find the proposed alternative service would be reasonably calculated to apprise Defendants of the action. Without "indicia that [Defendants] would in fact receive notice of the lawsuit if [Plaintiff] served them by email," the motion will be denied. *Id*. The Court will, however, extend the service deadline.

**IT IS THEREFORE ORDERED** that the Motion for Alternative Service (Doc. 9) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **February 9, 2026**, to either accomplish and file proof of service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure, submit a new motion for alternative service, or show cause why this case should not be dismissed.

Dated this 9th day of January, 2026.

Honorable Steven P. Logan
United States District Judge