Alexander Kolodin (AZ Bar #030826)
**Kolodin Law Group PLLC**
4105 N. 20th St. Ste 110
Phoenix, AZ 85016
Telephone: (602) 730-2985
Facsimile: (602) 801-2536
Alexander.Kolodin@Kolodinlaw.com
Analea@kolodinlaw.com (Filed copes)

*Attorney's for Plaintiff/Claimant MASI LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Masi LLC;<br>*Plaintiff/Claimant*,<br>v.<br>Seshat Bank, Sean Pawley;<br>*Defendants/Respondents*. | No. 2:25-cv-02892-SPL<br><br>**RENEWED MOTION FOR ALTERNATIVE SERVICE FOLLOWING COURT'S ORDER** |

Plaintiff Masi LLC ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4(e)(1) and Arizona Rules of Civil Procedure 4.1(k) and 4.1(l), for an order authorizing alternative service of process on Respondents Sean Pawley and Seshat Bank (collectively, "Respondents").

This renewed motion is filed pursuant to the Court's Order dated January 9, 2026, directing Plaintiff to either accomplish service through email, submit a new motion for alternative service, or show cause why this action should not be dismissed.

## BACKGROUND

1. Plaintiff previously moved this Court for alternative service based on the unavailability of traditional service methods and Respondents' lack of a known physical address.

2. Despite diligent efforts, including retention of a licensed private investigator, Plaintiff has been unable to identify a current residential address, business address, or registered agent for Respondents. The investigator was unable to verify any address at which Respondent Sean Pawley presently resides, and no physical address for Seshat Bank could be located. *See* Declaration at 4-7.
3. Respondents have previously communicated with Plaintiff by email in connection with the transaction underlying this action, and that email address was the only known method of contact available to Plaintiff. *See* Declaration at 10.
4. In its Order denying Plaintiff's prior motion without prejudice, the Court directed Plaintiff to confirm whether the email address remained active. *See* Declaration at 11.
5. On January 15, 2026, Plaintiff sent an email to the address previously used by Respondent Pawley in an effort to confirm its viability. That email immediately bounced back with a server error indicating that the address does not exist. *See* Exhibit A.
6. Plaintiff is therefore without any verified physical address, mailing address, or electronic address through which service may be accomplished.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) permits service upon an individual to be affected "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Because this Court sits in Arizona, Arizona law governs the available methods of service.

Arizona Rule of Civil Procedure 4.1(k) authorizes a court to permit alternative service when service by the methods otherwise authorized by this Rule proves impracticable. Ariz. R. Civ. P. 4.1(k). Arizona law further authorizes service by publication when a defendant cannot be located after reasonable diligence. Ariz. R. Civ. P. 4.1(l).

Accordingly, when traditional service methods are impracticable, this Court may authorize service by publication pursuant to Fed. R. Civ. P. 4(e)(1) and Ariz. R. Civ. P. 4.1(k) and 4.1(l).

## ARGUMENT

Plaintiff has exercised reasonable diligence in attempting to locate and serve Respondents. Those efforts included engaging a licensed private investigator and attempting service through the only known electronic contact associated with Respondent Pawley. All such efforts have been unsuccessful through no fault of Plaintiff.

Because no verified physical or electronic address exists for Respondents, service by traditional means under Rule 4 is impracticable within the meaning of Ariz. R. Civ. P. 4.1(k). Plaintiff has complied with the Court's directive to confirm whether the prior email address remained active, and the resulting bounceback confirms that service by email is not possible.

Under these circumstances, alternative service is warranted. Where a defendant cannot be located despite reasonable diligence, Arizona law expressly authorizes service by publication. Ariz. R. Civ. P. 4.1(l). Given Plaintiff's documented diligence and the absence of any viable address for Respondents, service by publication is the only remaining method reasonably calculated to provide notice. Plaintiff has diligently attempted to effect service on Respondents in accordance with the applicable Rules of Civil Procedure. Any failure to complete service is attributable to Respondents' unavailability, not Plaintiff's lack of diligence. Accordingly, Plaintiff has shown good cause why dismissal under Fed. R. Civ. P. 4(m) is unwarranted.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an order authorizing service of process on Respondents by publication pursuant to Fed. R. Civ. P. 4(e)(1) and Ariz. R. Civ. P. 4.1(k) and 4.1(l), or alternatively by any method the Court deems reasonably calculated to provide notice, and finding that Plaintiff has shown good cause why this action should not be dismissed.

RESPECTFULLY SUBMITTED this 16th day of January 2026.

By: _/s/Alexander Kolodin_
Alexander Kolodin
**KOLODIN LAW GROUP PLLC**
4105 N. 20th St. Ste 110
Phoenix, AZ 85016

*Attorneys for Plaintiff Masi LLC*