Alexander Kolodin (AZ Bar #030826)
**Kolodin Law Group PLLC**
4105 N. 20th St. Ste 110
Phoenix, AZ 85016
Telephone: (602) 730-2985
Facsimile: (602) 801-2536
Alexander.Kolodin@Kolodinlaw.com
Analea@kolodinlaw.com (Filed copies)

*Attorneys for Plaintiff/Claimant MASI LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Masi LLC;<br>*Plaintiff/Claimant*,<br>v.<br>Seshat Bank, Sean Pawley;<br>*Defendants/Respondents*. | No. 2:25-cv-02892-SPL<br>**APPLICATION FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)**<br>**(Supported by Declaration of Analea Castro)** |

Plaintiff/claimant MASI LLC ("Plaintiff"), by and through undersigned counsel, hereby applies to the Clerk of Court for entry of default against Defendants/Respondents Seshat Bank and Sean Pawley (collectively, "Defendants") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In support thereof, Plaintiff states as follows:

1. On August 11, 2025, Plaintiff filed its Petition to Confirm Foreign Arbitral Award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, as implemented by Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201–208. (Doc. 1).
2. Plaintiff undertook diligent efforts to locate and serve Defendants, including retaining a licensed private investigator to identify a valid physical or mailing address. Despite these efforts, Plaintiff was unable to locate a verified address for either Defendant, as detailed in the Revised Declaration of Analea Castro filed on January 16, 2026. (Doc. 11-1).

3. On March 13, 2026, this Court granted Plaintiff's Revised Motion for Alternative Service (Doc. 11), authorizing service upon Defendants by publication pursuant to Arizona Rule of Civil Procedure 4.1(l), and ordering Plaintiff to complete and file proof of service by publication no later than May 11, 2026. (Doc. 12).
4. Pursuant to the Court's Order, Defendants Seshat Bank and Sean Pawley were served by publication in the Arizona Business Gazette, once a week for four successive weeks, on April 2, 2026, April 9, 2026, April 16, 2026, and April 23, 2026. (Ex. A ¶ 7.) Because the first publication occurred on April 2, 2026, service on both Defendants was complete on May 2, 2026. *See* Ariz. R. Civ. P. 4.1(l)(2)(D) (service by publication is complete 30 days after the summons is first published).
5. On May 7, 2026, within the deadline set by the Court, Plaintiff filed its Notice of Affidavit of Service by Publication, together with supporting affidavits establishing service upon both Defendants. (Doc. 13).
6. Defendants were required to answer or otherwise respond to the Petition within 21 days after service was complete—that is, no later than May 26, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), 6(a)(1)(C). That deadline expired nearly five months ago. Neither Defendant has filed an answer, a motion under Rule 12, or any other response; appeared in this action; or sought an extension of time to respond. (Ex. A ¶¶ 9–10.)
7. On October 20, 2026, the Court issued an Order directing Plaintiff to show cause in writing why this action should not be dismissed in its entirety for failure to prosecute unless a responsive pleading pursuant to Rule 12 or an application for entry of default pursuant to Rule 55(a) is filed by October 23, 2026. (Doc. 14). Plaintiff submits this Application within the time set by that Order.
8. Pursuant to Federal Rule of Civil Procedure 55(a), entry of default is appropriate because Defendants have failed to plead or otherwise defend this action

following service. That failure is shown by the record in this action and by the Declaration of Analea Castro, attached hereto as Exhibit A. *See* Fed. R. Civ. P. 55(a) (where a party's failure to plead or otherwise defend "is shown by affidavit or otherwise, the clerk must enter the party's default").

9. Upon entry of default, Plaintiff will promptly move for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and will submit evidence of the amount due under the arbitration award with that motion.

WHEREFORE, Plaintiff MASI LLC respectfully requests that the Clerk of Court enter default against Defendants Seshat Bank and Sean Pawley pursuant to Federal Rule of Civil Procedure 55(a), that the Court deem its October 20, 2026, Order to Show Cause (Doc. 14) satisfied, and that the Court grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 22nd day of October, 2026.

By: /s/Alexander Kolodin

Alexander Kolodin
**KOLODIN LAW GROUP PLLC**
4105 N. 20th St. Ste 110
Phoenix, AZ 85016

*Attorneys for Plaintiff Masi LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Defendants have not appeared in this action and are not registered CM/ECF users; accordingly, no service upon them is required. *See* Fed. R. Civ. P. 5(a)(2).

/s/ Alexander Kolodin